UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARRY SUBLETT,

        Petitioner,

vs.                              Case No. 3:05-cv-1057-J-12HTS

LUCY HADI, etc.; et al.,

        Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner filed a Petition for Writ of Habeas Corpus (Doc. #1) on October 6, 2005; however, Petitioner did not pay the $5.00 filing fee or file a request to proceed *in forma pauperis* within thirty days of the commencement of the action. Thus, pursuant to Rule 1.03(e) of the Local Rules of the United States District Court for the Middle District of Florida, this action will be dismissed without prejudice. See also 28 U.S.C. §§ 1914(a), 1915(a)(1).

If Petitioner decides to initiate a new habeas corpus case, he must pay the $5.00 filing fee or file a request to proceed *in forma pauperis* within thirty days of the commencement of the new action.

Accordingly, it is now

**ADJUDGED:**

1. This Petition is **DISMISSED** without prejudice.[1]

2. The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 29TH day of November, 2005.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 11/17
c:
Larry Sublett

---

[1] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

2